# IN THE UNITED STATES DISTRICT COURT
# NOTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AARON MILLS, Individually and on Behalf of All Those Similarly Situated, | )<br>)<br>) |
| Plaintiff, | ) Case No.:_____<br>)<br>) |
| v. | )<br>) |
| T.J. MAXX, INC. | )<br>)<br>) |
| Defendant. | )<br>) |

## COLLECTIVE ACTION COMPLAINT
### (Jury Trial Demanded)

Plaintiff, Aaron Mills, individually and on behalf of all others similarly situated, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. Defendant operates retail chain of stores called T.J. Maxx, Inc. T.J. Maxx, Inc. has multiple stores across the nation, including many parts of Georgia. Plaintiff worked for T.J. Maxx, Inc., in multiple locations across Georgia during his

1

employment.

2. Plaintiff worked for T.J. Maxx, Inc. as a loss prevention detective.

3. Plaintiff was paid straight-time for the first 40 hours worked, despite working in excess of 40 hours per week throughout his employment.

4. The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiff, and have yet to receive redress is unknown at this time, but the number is estimated to be at least 20 other loss prevention employees.

5. Plaintiff brings this action on behalf of himself and all other similarly situated employees of Defendant, to recover unpaid overtime pay, owed to them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions leading to this claim occurred while

Plaintiff performed work for T.J. Maxx, Inc. at their location in Northlake Mall at 2146 Henderson Mill Road, Atlanta, GA, which is in DeKalb County. Therefore, venue is proper in the Northern District of Georgia.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

9. Plaintiff, Aaron Mills, was at all relevant times, an adult individual residing at 110 Bell Chase, Dallas, GA 30157, which is in Paulding County.

**Defendant:**

10. Defendant T.J. Maxx, Inc., is an active Massachusetts corporation. Its principal place of business is 770 Cochituate Rd., Framingham, MA, 01701-4672, USA, which is in Middesex County.

11. Defendant acted intentionally and maliciously. Defendant is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2.

12. Defendant set the unlawful payroll policies complained of in this complaint.

3

13. At all relevant times, Defendant has been an employer of Plaintiff, and/or joint employers within the meaning of the FLSA.

14. Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

15. Additionally, upon information and belief, at all relevant times, Defendant has had employees working on goods that have been moved or produced for commerce, in that they operate a retail chain that sells clothes, shoes and other accessories across various parts of the United States, within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

16. At all relevant times, Defendant has been in the retail industry, supplying customers with various clothing needs.

17. Upon information and belief, Defendant handles payroll and record keeping for Plaintiff's employment, and is actively involved in the day-to-day operations.

18. Plaintiff Mills was employed by Defendant as a loss prevention detective. Mr. Mills' job duties included: investigating incidents of internal theft throughout a high volume multi-store environment, conducting fact-finding, installing covert cameras,

reviewing media, and resolving internal theft cases with the help of a national task force. Mr. Mills worked for T.J. Maxx from October 1, 2016 to September 28, 2017 (102 weeks).

19. Plaintiff worked at various locations throughout Atlanta Georgia for Defendant, such as in Northlake, Kennesaw, and Austell.

20. Mr. Mills was assigned to work 40 hours per week by T.J. Maxx. However, in actuality, Mr. Mills worked 45 hours each week, as a result of being required to work off-the-clock 5 hours each week in order to respond to phone calls and e-mails from his supervisor for loss prevention cases. These off-the-clock e-mails and calls would occur before his shift, after his shift, and on weekends.

21. Mr. Mills was paid $14.93 per hour, and worked 45 hours per week. Mr. Mills was generally paid $597.20 per week reflecting only being paid for 40 hours of work. Mr. Mills was never compensated for this extra 5 hours of time worked.

22. Mr. Mills was frequently called and e-mailed by his direct supervisor Anna White, despite being off-the-clock, and expected to respond to his supervisor's needs at all times.

23. Plaintiff was also called to testify at various hearings for his employment, and

would not be compensated for all hours worked while testifying or appearing in court.

24. Plaintiff was paid straight-time for the first 40 hours worked, despite working well in excess of 40 hours per week.

25. This failure to pay overtime wages to this hourly employee can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## STATEMENT OF CLAIM

26. Mr. Mills worked 45 hours per week, which includes 40 regular hours and 5 overtime hours. Mr. Mills was paid straight-time for the first 40 hours worked. His rate of pay was $14.93 per hour, so his "one-and-half-times-rate" is $22.40 per hour, for the purposes of computing overtime.[1] 5 overtime hours multiplied by $22.40 one-and-half-times-rate, equals $112 unpaid overtime per week. Mr. Mills was employed 102 weeks by Defendant. 102 weeks multiplied by $112 unpaid overtime per week, equals $11,424 in unpaid overtime wages. If the Court grants liquidated damages in this case, pursuant to 29 U.S. Code § 216(b), then the total damages are $11,424 plus $11,424, which equals $22,848.

27. Therefore, Plaintiff Mills is owed $22,848.

---

[1] The one-and-half-times-rate is determined by multiplying the regular rate of pay by 1.5.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28. Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff bring his First Cause of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendant, at any time since December 18, 2015, and through the entry of judgment in this case (the "Collective Action Period") who worked as loss prevention detectives, loss prevention associates, and all other similarly situated hourly employees (the "Collective Action Members").

29. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendant's illegal policy of failing to pay overtime for work performed in excess of 40 hours per week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime payments for all hours worked in excess of 40 hours per week.

30. The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiff, and have yet to receive redress is unknown at this time, but the number is estimated to be at least 20 other employees because there are 20 other similar loss prevention detectives in the district where Plaintiff works.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

31. Plaintiffs, on behalf of himself, the Collective Action Members, and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

32. As a result of Defendant's failure to compensate its employees, including Plaintiff and Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendant has violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiff and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. 216(b).

33. Defendant has have failed to pay overtime to these hourly employees, with no colorable argument as to why these workers are exempt. This constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

34. The failure to pay overtime has caused Plaintiff to suffer lost wages and interest thereon. Plaintiff and Collective Action Members are entitled to recover from Defendant's his unpaid overtime compensation, liquidated damages, attorney's

fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Therefore, Plaintiff respectfully requests that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendant violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime wages

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with attorney's fees;

g. Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: December 18, 2017

                                                          Respectfully submitted,

**s/ Brandon A. Thomas**
 **BRANDON A. THOMAS**
**GA BAR NO.: 742344**
The Law Offices of Brandon A. Thomas, PC
1800 Peachtree Street, N.W., Suite 300
Atlanta, GA 30309
Tel: (404) 343-2441
Fax: (404) 352-5636
brandon@brandonthomaslaw.com
